Hoyt, J.
 

 There is no evidence in the case to show that the ■ defendants were partners; on the contrary, it would be inferred from the fact of their signing the note separately, that the purchase of the patent right by them, and giving the note therefor, was a single isolated, transaction. ¡ The defendants severally joined in the making of the contract, and in the engagement to pay, neither trusted to the other to contract for or bind him. So far, therefore, as there is any evidence or inference to be drawn from the transaction, they did not make the purchase as partners, but as tenants in common. There is nothing to show that either defendant had power to bind the other, or to increase or extend his liability beyond that contained in the note itself. By that contract, Pratt was protected against a transfer of the note to his prejudice. He had joined with Woodworth in making the purchase and giving the note in question, but in doing so, he had taken care to make it in such form, as to enable him to set up any defence which he might have to it, against the payee or any person deriving title through him. And Wood-worth had no power to deprive him of that defence. If Wood-worth could make admissions which would deprive Pratt of the right to show that the note was fraudulently obtained from him, or that there was no consideration for it, it is difficult to see why he could not with the same propriety change the contract and make Pratt liable for its payment, in a manner different from that stipulated in the note. I can see no good reason for adopting such a rule.
 

 In the case of partners, each partner is the agent' of the firm, and of the other partner, and has a right to act for all the members of the firm. But not so with simple joint contractors, or purchasers as tenants in common; there, neither is agent of the other, and their liability is not to be extended beyond their own acts and contracts^ Upon the same principle, it has been held that a notice of protest served on one partner is notice to all. But a notice of protest served on one of two joint endorsers, is
 
 *514
 
 not notice to the other, and no recovery can be had against either without a service on both.
 
 (Willis
 
 v.
 
 Green,
 
 5
 
 Hill,
 
 232;
 
 Cayuga Co. Bank
 
 v.
 
 Warden,
 
 1
 
 Comst.
 
 418.)
 

 I think the defendant Pratt was not estopped by the admissions of Woodworth, and that a new trial was properly granted.
 

 New trial granted.